IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradley Shane Sheppard, # 11290-171, ) | C/A No.: 1:10-3220-RMG-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden of FCI-Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Bradley Shane Sheppard, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at the Federal Correctional Institution (FCI) in Estill, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

I.     Factual and Procedural History

Petitioner pled guilty to unlawful transport of firearms in *United States v. Sheppard*, No. 8:04-cr-0420-HMH. After Petitioner's guilty plea, the Honorable Henry M. Herlong, Jr., United States District Judge, imposed a sentence of 180 months on August 30, 2004. Petitioner, through counsel, filed a Notice of Appeal.

The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on appeal. *United States v. Bradley Shane Sheppard*, No. 04-4741, 153 Fed.Appx. 167, 2005 WL 2871921 (4th Cir. Nov. 2, 2005). The Fourth Circuit rejected Petitioner's claim that he should not have been sentenced as an armed career criminal

under the Armed Career Criminal Act ("ACCA") on the theory that his burglary convictions were non-violent:

> The record indicates the requisite three predicate violent felonies: a 1995 conviction for burglary of a dwelling, a separate 1995 conviction for burglary of a dwelling, and a 2002 conviction for assault and battery of a high and aggravated nature. Sheppard asserts that the burglary convictions are non-violent. However, burglary of a dwelling satisfies the requirement of the statute. *See* 18 U.S.C.A. § 924(e)(2)(B)(ii); *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Therefore, we hold that, for the purpose of the armed career criminal determination, Sheppard had the necessary three predicate violent felony convictions.

*United States v. Sheppard*, 153 Fed.Appx. at 168.

Petitioner filed an action pursuant to 28 U.S.C. § 2255, C/A No. 8:06-2398-HMH, on August 29, 2006. Judge Herlong denied relief in an order filed on September 5, 2006. *United States v. Sheppard*, C/A No. 8:06-2398-HMH, 2006 WL 2573236 (D.S.C. Sept. 5, 2006). Petitioner appealed to the Fourth Circuit, which dismissed the appeal, and the Supreme Court of the United States subsequently denied discretionary appellate review. *United States v. Sheppard*, No. 06-7661, 212 Fed.Appx. 208, 2007 WL 30818 (4th Cir. Jan. 5, 2007), *cert. denied*, *Sheppard v. United States*, 552 U.S. 893 (2007).

Petitioner filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241, arguing that he should not have been sentenced as an armed career criminal because his burglary convictions were non-violent. Petitioner relies on *Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265 (2010), for support and also contends that the two burglary convictions should have been counted as a single sentence.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening a petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See*

*also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

  B. Analysis

The Petition in this case should be dismissed because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Petitioner has not shown that his is an exceptional case in which the § 2255 remedy was inadequate or ineffective. By filing this § 2241 Petition, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. For

example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129–30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).

A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129–30. Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the savings clause of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate

nor effective remedy for those issues. *See In re Vial*,115 F.3d 1192 (4th Cir. 1977); *see also Ward v. Snyder*, 238 F.3d 426 (6th Cir. 2000) (unpublished opinion); *Tanksley v. Warden*, 229 F.3d 1154 (6th Cir. 2000) (unpublished opinion); *Gonzales v. Snyder*, 221 F.3d 1342 (8th Cir. 2000) (same); *Elzie v. Pugh*, 194 F.3d 1320 (10th Cir. 1999) (same); *Onaghise v. Bailey*, 188 F.3d 514 (9th Cir. 1999) (same). Petitioner asserts that the § 2255 remedy is inadequate and ineffective because his challenge is not only jurisdictional or constitutional in nature, but is based on the sentencing court's factually erroneous adoption of the pre-sentence investigative report (PSI) in his case and the improper application of the ACCA and the United States Sentencing Guidelines. He claims that because he is actually innocent of the sentencing enhancement he received and because his procedural default has foreclosed his ability to assert such a challenge by way of § 2255, a miscarriage of justice has occurred which raises serious questions as to the constitutionality of § 2255.

In *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), the Fourth Circuit held that a petitioner seeking to file a second or successive motion to vacate based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." The *Jones* court found

6

that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334.

The test established in *In re Jones* has been specifically construed in this district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence—as opposed to actual innocence of the underlying criminal conviction—are not properly raised via § 2241. *See Chestnut v. Mitchell*, No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975 (D.S.C. Dec. 21, 2009); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 U.S. Dist. LEXIS 63519 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 ( D.S.C. Apr. 7, 2009). In the *Brown* case, the court rejected the petitioner's purported actual innocence claim raised under § 2241, finding that the second prong of the *Jones* test was not met because it requires that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," whereas the petitioner was attempting to assert innocence of his enhanced sentence, not his conviction, based on the recent law change. Thus, it could not be said that under the circumstances presented the § 2255 remedy was inadequate or ineffective. The petitioner in *Brown* was told that his sentencing-based claim should be raised via § 2255, if at all, and that because he had already filed one unsuccessful § 2255 motion, he would be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in this court in order to properly raise his sentencing claim. *See also United States v. Poole*, 531 F.3d 263–267 n.7 (4th Cir. 2008) ("Fourth Circuit

7

precedent has not extended the reach of the savings clause to petitioners challenging only their sentence.")(citing *In re Jones*); *Williams v. Stansbury*, No. 2:09cv414, 2009 U.S. Dist. LEXIS 14364 (E.D.Va. Feb. 18, 2010) (same).

Petitioner was not precluded from asserting his sentencing claim under § 2255. Although the court denied his initial § 2255 motion as time-barred and the Fourth Circuit denied a certificate of appealability and dismissed his appeal, he cannot say that the § 2255 remedy was inadequate or ineffective. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5. Accordingly, because he cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise a sentencing-error issue, in this case Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate.

Additionally, there is a distinction between a statutory sentence under the ACCA and an enhanced sentence under the Sentencing Guidelines. Although the Sentencing Guidelines may have a restricted definition of burglary, the ACCA has a broader definition. *See, e.g., Taylor v. United States*, 495 U.S. 575, 598–602 (1990) (holding that "Even if an enhancement is not available under § 924(e), the Government may still

8

present evidence of the defendant's actual prior criminal conduct, to increase his sentence for the § 922(g)(1) violation under the Federal Sentencing Guidelines.").

The *Johnson* case Petitioner cites is distinguishable, as it concerned a Florida conviction for battery, not burglary. *See generally Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265 (2010). In fact, the Supreme Court in *Johnson* noted that burglary was a predicate offense under the ACCA because burglary often leads to violence: "Instead, ACCA classifies crimes like burglary and extortion as violent felonies because they often lead to violence." 130 S.Ct. at 1276. Plaintiff's reliance on *Johnson* is unavailing.

III.    Conclusion

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring Respondent to file a return or answer. It is also recommended that the District Court deny a Certificate of Appealability.

IT IS SO RECOMMENDED.

*[signature]*

March 21, 2011                                   Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**