IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bradley Shane Sheppard, | ) | Civil Action No. 1:10-cv-3220-RMG |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden of FCI-Estill, | ) | |
| Respondent. | ) | |

Plaintiff brought this *pro se* action pursuant to 28 U.S.C. § 2241. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and the Local Rules. The Magistrate Judge recommended that the petition be dismissed. (Dkt. No. 19). The Plaintiff has objected. (Dkt. No. 22). After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Record makes it clear that the Petition in this case should be dismissed. Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Petitioner has not shown that his is an exceptional case in which the § 2255 remedy was inadequate or ineffective. By filing this § 2241 Petition, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129–30. Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the savings clause of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1977); *see also Ward v. Snyder*, 238 F.3d 426 (6th Cir. 2000) (unpublished opinion); *Tanksley v. Warden*, 229 F.3d 1154 (6th Cir. 2000) (unpublished opinion). Petitioner asserts that the § 2255 remedy is inadequate and ineffective because his challenge is not only jurisdictional or constitutional in nature, but is based on the sentencing court's factually erroneous adoption of the pre-sentence investigative report (PSI) in his case and

the improper application of the ACCA and the United States Sentencing Guidelines. He claims that because he is actually innocent of the sentencing enhancement he received and because his procedural default has foreclosed his ability to assert such a challenge by way of § 2255, a miscarriage of justice has occurred which raises serious questions as to the constitutionality of § 2255.

In *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), the Fourth Circuit held that a petitioner seeking to file a second or successive motion to vacate based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." The *Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334.

The test established in *In re Jones* has been specifically construed in this district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence—as opposed to actual innocence of the underlying criminal conviction—are not properly raised via § 2241. *See Chestnut v. Mitchell*, No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975 (D.S.C. Dec. 21, 2009); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 U.S. Dist. LEXIS 63519 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 (D.S.C. Apr. 7, 2009).

## Conclusion

Accordingly, the Petition is **dismissed** and the recommendation of the Magistrate Judge is adopted as the Order of this Court.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 5, 2011
Charleston, South Carolina